UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GREGORY WILLIAMS, | No. 2:19-cv-1591 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| USHA PANEMANGALOR PAI, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, plaintiff's application to proceed in forma pauperis will be granted. The court will also direct that defendant Pai be served.

I. IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (brackets added) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III.     PLAINTIFF'S COMPLAINT

Plaintiff, an inmate at California Medical Facility ("CMF"), names Dr. Usha Panemangalor Pai as the sole defendant in this action. He claims that Dr. Pai violated his Eighth Amendment right to medical care. The complaint alleges as follows. In February 2019, after a different surgeon had performed an angiogram and thrombolysis operation on plaintiff's lower left extremity and repaired a fractured stent, Dr. Pai failed to provide him with the pain management medication he needed, despite the fact that he had developed a post-operative right groin hematoma and had to be transported back to intensive care. See ECF No. 1 at 3-4.

Between February 17, 2019, and February 19, 2019, plaintiff complained to defendant Pai and her nursing staff about his "level 8 to 9" severe right and left leg pain, sleep deprivation, anxiety, and mental anguish, and that he repeatedly requested to be provided adequate post-operation pain management medication for his serious medical condition.[1] See ECF No. 1 at 4. However, Dr. Pai ignored his complaints. See id.

When plaintiff asked a different doctor on duty – Dr. Osman – if he could be treated for his pain, he was told that Dr. Pai's opinion could not be overridden. Ultimately, plaintiff was discharged from Dr. Pai's care. Shortly thereafter, he was seen by Dr. Osman who examined his lower extremities and prescribed him liquid morphine three times a day for five days. See ECF No. 1 at 4. Dr. Osman's nurse also wrote him a cell feed / lay-in for one week. See id.

As a result of defendant Pai's conscious decision to ignore his medical condition for three days, plaintiff suffered from sleep deprivation, anxiety, mental anguish, and severe lower extremity pain. See ECF No. 1 at 3.

////

---

[1] Plaintiff also states, in relevant part, that upon admission at CMF-CTC on February 16, 2019, his refusal to sign and date the "Patient's Rights and Conditions of Admission" form was recorded on a "Refusal of Examination and/or Treatment (CDC 7225)" form. See ECF No. 1 at 4. He states that thereafter, on two separate occasions, he clearly stated on the CDC 7225 forms that defendant Pai was not providing him with adequate post-operation pain management medication. See id. This was despite the fact that right after plaintiff had developed complications, but prior to being assigned to defendant Pai, the surgeon who had performed plaintiff's surgery – Dr. Goldstein – did provide him with adequate pain relief medication.

IV.     DISCUSSION

    A.     Applicable Law:  Deliberate Indifference to Serious Medical Need

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). This second prong... "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

Whether a defendant had requisite knowledge of a substantial risk of harm is a question of fact. Farmer, 511 U.S. at 842. Thus, liability may be avoided by presenting evidence that the defendant lacked knowledge of the risk and/or that his response was reasonable in light of all the circumstances. See Farmer, 511 U.S. at 844–45; see also Simmons v. Navajo County Ariz. 609 F.3d 1011, 1017-18 (9th Cir. 2010) (requiring official be subjectively aware of serious medical need and fail to adequately respond to need to establish deliberate indifference).

The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. See id. at 835.

////

4

B. <u>Analysis</u>

Plaintiff has stated a cognizable claim of deliberate indifference to serious medical need against Dr. Pai. He has sufficiently alleged that after his surgery on February 14, 2019, a serious medical need arose when he developed a hematoma in his right groin, which caused him intense pain in his right and left legs and required his return to intensive care. <u>See</u> ECF No. 1 at 3-4. Plaintiff's allegations of refusal to provide pain medication for three days, despite knowledge of plaintiff's condition and the severity of his pain, <u>id.</u> at 4, are sufficient to demonstrate deliberate indifference. Accordingly, the complaint states a claim for violation of plaintiff's Eighth Amendment rights. <u>See</u> <u>Farmer</u>, 511 U.S. at 834; <u>see also</u> <u>Jett</u>, 439 F.3d at 1081. Dr. Pai will be ordered to respond to the complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff has stated a cognizable Eighth Amendment deliberate indifference claim against the following defendant:

- **Usha Panemangalor Pai, a physician and surgeon at California Medical Facility.**

4. Service of the complaint is appropriate.

Under separate order, the court shall direct that service be initiated on this defendant under the court's E-Service Pilot Program for civil rights cases for the Eastern District of California.

DATED: May 13, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE