UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GREGORY WILLIAMS, | No. 2:19-cv-1591 KJM AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| USHA PANEMANGALOR PAI, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis, who seeks relief under 42 U.S.C. § 1983.  The case has been referred to a United States Magistrate Judge for pretrial purposes pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Defendant has moved to stay these proceedings pending resolution of an ongoing state court action against the same defendant and based on the same underlying facts as this case.  ECF No. 21.  For the reasons explained below, the undersigned will recommend that the motion to stay be granted.

I.     PROCEDURAL BACKGROUND

The complaint addresses health care that plaintiff received at the California Medical Facility ("CMF"), a state correctional institution, in February of 2019.  It alleges that defendant, Dr. Pai, violated plaintiff's rights under the Eighth Amendment by failing to provide him with adequate pain medication following vascular surgery—a lower left angiogram and thrombolysis operation and the repair of a fractured stent—at an outside hospital.  ECF No. 1 at 3-4.  Plaintiff

alleges that Dr. Pai failed to adequately treat his post-operative pain although he complained repeatedly to her and to her staff of severe right and left leg pain. Id. As the result of defendant's inaction, plaintiff suffered from severe lower extremity pain, sleep deprivation, anxiety, and mental anguish. Id. When he was put under the care of a different physician, plaintiff was promptly prescribed liquid morphine three times a day for five days. Id. at 4.

The complaint was signed on August 10, 2019, and it was docketed on August 12, 2019. See ECF No. 1 at 1, 7. In May 2021, the complaint was screened, found to state a claim, and was ordered served. See ECF Nos. 7, 9, 10, 12. On September 15, 2021, defendant moved for a stay of these proceedings under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), in light of the pendency in Solano County Superior Court of Williams v. Pai, Case No. FCM168941. ECF No. 21.

Plaintiff did not file a response to defendant's motion to stay. Instead, he filed a request for entry of default, which was summarily declined by the Clerk of Court. See ECF No. 24. On November 10, 2021, defendant filed a notice of plaintiff's non-opposition to the motion. ECF No. 25.

II.     PLAINTIFF'S STATE COURT LAWSUIT

Defendant has submitted a copy of the docket report, complaint, and related documents in Williams v. Pai, Case No. FCM168941 (Solano County Superior Court). ECF No. 22. The undersigned takes judicial notice of these documents and of the pendency and status of the case, as requested by defendant. See Fed. R. Evid. 201(b); Reyn's Pasta Bella LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.") (citations omitted).

The complaint in the Solano County case was signed by plaintiff on August 10, 2019, the same date that he signed the federal complaint, and was docketed on October 4, 2019. ECF No. 22 at 19, 13. The complaint states causes of action for negligence and intentional tort. Id. at 15-17. Plaintiff alleged that for three days in February 2019, after he had undergone vascular surgery at an outside hospital, Dr. Pai of CMF failed to adequately treat his post-operative pain. The complaint alleges that Dr. Pai knew plaintiff's chief complaint was leg pain, and that she

intentionally withheld treatment.  Id. at 16, 17.  Plaintiff seeks general and exemplary damages.  Id. at 15, 18.

Defendant answered the complaint on February 21, 2020.  Id. at 46.  Discovery ensued.  Defendant subsequently moved for summary judgment on the merits of plaintiff's claims; the motion was denied by written order filed May 19, 2021.  Id. at 61-65.  Trial has not yet been set.

### III. THE COLORADO RIVER DOCTRINE

Federal district courts have a duty to adjudicate disputes that are properly before them, and may decline to do so only in exceptional circumstances.  Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976).  Specifically, a district court may decline to hear a case "due to the presence of a concurrent state proceeding for reasons of wise judicial administration."  Colorado River, 424 U.S. at 818; accord, Moses H. Cone Memorial Hospital v. Mercury Construction Corp. (Memorial Hospital), 460 U.S. 1, 28 (1983).  The Colorado River doctrine is best understood as a form of deference to state court jurisdiction.  Coopers & Lybrand v. Sun-Diamond Growers, 912 F.2d 1135, 1137 (9th Cir. 1990) (citations omitted).  District courts must stay, rather than dismiss, an action when they determine that they should defer to the state court proceedings under Colorado River.  Id. at 1138; see also R.R. Street & Co. Inc. v. Transport. Ins. Co., 656 F.3d 966, 978 n.8 (9th Cir. 2011).

"Abstention from the exercise of federal jurisdiction is the exception, not the rule."  Colorado River, 424 U.S. at 817.  The determination whether to stay a federal action because of a parallel state-court action rests "on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.  The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case."  Memorial Hospital, 460 U.S. at 16.

The Ninth Circuit Court of Appeals has summarized the factors to be considered on a motion to stay under Colorado River, as follows:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can

> adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

R.R. Street, 656 F.3d at 978-79 (citations omitted).  "These factors are to be applied in a pragmatic and flexible way, as a part of a balancing process rather than as a 'mechanical checklist.'"  Nakash v. Marciano, 882 F.2d 1411, 1415 (9th Cir. 1989) (citations omitted).  However, any doubt as to whether a factor exists should be resolved against a stay or dismissal.  R.R. Street & Co. Inc., 656 F.3d at 979 (brackets omitted) (citing Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1369 (9th Cir. 1990)).

The party seeking to stay a federal action due to the presence of a concurrent state proceeding has the burden of showing, based on application of the above-noted factors, that "exceptional circumstances" warrant the requested stay.  See Colorado River, 424 U.S. at 819 ("Only the clearest of justifications will warrant dismissal.").  "[T]he burden of persuasion rest[s] on the party opposing the exercise of federal jurisdiction."  Arkwright–Boston Mfrs. Mut. Ins. Co. v. City of New York, 762 F.2d 205, 210 (2d Cir. 1985).

IV.   ANALYSIS

    A.   Substantial Similarity

As a threshold matter, the state and federal actions must be "substantially similar" to support application of Colorado River.  Nakash, 882 F.2d at 1416.  This similarity requirement does not demand "exact parallelism."  Id.  Here the court finds plaintiff's state and federal actions to be substantially similar.  Plaintiff's state and federal complaints present distinct legal theories of liability for the same alleged harms caused by the same alleged acts and omissions of the same defendant.  Each lawsuit seeks damages to compensate plaintiff for the same injury.  Because the two actions are thus substantially similar, it is appropriate to consider the Colorado River factors to determine whether a stay of the federal action is appropriate.  Id.

    B.   Application of Colorado River Factors

        1.   Jurisdiction Over Property at Stake

No property is involved in these parallel lawsuits, so the first Colorado River factor does not apply.

### 2. Inconvenience of Federal Forum

Both courts are located within the same division of the Eastern District of California, in close geographical proximity to each other, and the moving defendant has identified no inconvenience of the federal forum. This factor is therefore neutral.

### 3. Avoidance of Piecemeal Litigation

The third factor weighs strongly in favor of a stay. "The mere possibility of piecemeal litigation does not constitute an exceptional circumstance. Instead, the case must raise a special concern about piecemeal litigation, which can be remedied by staying or dismissing the federal proceeding." R.R. Street, 656 F.3d at 979 (citations and internal quotation marks omitted). Special concerns include the following: (1) whether deciding the state and federal actions in separate courts "would result in duplication of efforts;" (2) whether the federal action seeks to adjudicate issues implicated in a "vastly more comprehensive state action;" and (3) whether there is a "highly interdependent" relationship between the federal and state cases. Id. at 979-80 (citations and internal quotation marks omitted). Where these circumstances exist, the avoidance of piecemeal litigation weighs against the exercise of jurisdiction by the federal court. Id. at 980.

Here, plaintiff could have brought all his state and federal law claims in a single lawsuit in either court. State courts have concurrent jurisdiction over Section 1983 claims, and they are entrusted with protecting federal constitutional rights. See Haywood v. Drown, 556 U.S. 729, 735 (2009). Federal district courts, for their part, may exercise supplemental jurisdiction over state law claims that are related to a federal cause of action. 28 U.S.C. § 1367(a). Accordingly, either this court or the state superior court could have exercised jurisdiction over all of plaintiff's claims against Dr. Pai. Instead of filing a single, comprehensive lawsuit, plaintiff divided his claims piecemeal.

Because plaintiff's parallel lawsuits against Dr. Pai involve the same alleged injury caused by the same acts of the same defendant, they are highly interdependent both factually and

////

////

////

1 legally.¹  The merits of both cases turn on the threshold question whether Dr. Pai's medical
2 treatment of plaintiff was deficient, although the state and federal law claims involve different
3 standards of liability.²  Despite these differences, plaintiff's state and federal claims involve the
4 same "primary right" and therefore constitute the same "cause of action" under California law.
5 See Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (1983) ("if two actions involve the
6 same injury to the plaintiff and the same wrong by the defendant then the same primary right is at
7 stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different
8 forms of relief and/or adds new facts supporting recovery.").  This consideration is relevant to the
9 likely res judicata effects of a state court judgement, which is addressed below.  Even without
10 reference to the California "primary right" doctrine, however, the overlap between plaintiff's
11 federal and state claims is obvious.

12       Simultaneous litigation of the two lawsuits would necessarily involve duplication of effort
13 because of the identical factual predicates of the claims and the overlapping liability inquiries.
14 Moreover, the state case has already proceeded past summary judgement; for this court to initiate
15 discovery and entertain pretrial motions at this point would rise beyond mere inefficiency to a
16 waste of judicial resources.  Although plaintiff's state tort case is not "*vastly* more
17 comprehensive" than the federal action, it alone encompasses both negligence *and* the knowing or
18 intentional infliction of harm.  Moreover, as noted below regarding the sixth Colorado River
19 factor, the state court is capable of providing plaintiff with all the relief that would be available to

---

¹ This interdependence is highlighted by the fact that a final judgment in the state case, in favor of either party, would likely have preclusive effect on the federal case and require its dismissal. See Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993) ("the doctrine of res judicata will bar not only claims actually litigated in a prior proceeding, but also claims that could have been litigated."). This consideration is addressed more fully below regarding the eighth Colorado River factor.

² The negligence claim is governed by an objective standard, while adjudication of intentional tort under California law and deliberate indifference under federal law both require determination of Dr. Pai's subjective mental state or intent vis-à-vis plaintiff.  See Ladd v. County of San Mateo, 12 Cal.4th 913, 917 (1996) (negligence standard); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (deliberate indifference standard); see also ECF No. 22 at 64 (superior court order denying summary judgment, noting that evidence of defendant's intent to deprive plaintiff of adequate pain medication or her willful disregard of plaintiff's pain could be "legally cognizable as an intentional tort.").

him in either forum for the injuries he seeks to redress. For these reasons, the undersigned finds that the avoidance of piecemeal litigation weighs strongly against this court's exercise of its jurisdiction.

### 4. Chronology

The fourth factor, the order in which the forums obtained jurisdiction, weighs neutrally in this case. Both California and federal law specify that jurisdiction attaches on the date that an action is filed. See Robbins v. Foothill Nissan, 22 Cal. App. 4th 1769, 1782 (1994); Penn Gen. Cas. Co. v. Commonwealth of Pennsylvania ex re. Schnader, 294 U.S. 189, 196 (1935). Both California and federal law have adopted the "mailbox rule," under which a prisoner's pleading is deemed filed when it is delivered to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988) (announcing federal rule); Moore v. Twomey, 120 Cal. App. 4th 910, 918 (2004) (recognizing state rule); see also Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying rule to both state and federal filings). This is often, though not necessarily, the date on which the prisoner signs his pleading. See Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Here, the record indicates that plaintiff signed both his state and federal pleadings on August 10, 2019. See ECF No. 22 at 19; ECF No. 1 at 7. Assuming that both actions were constructively filed on that date by operation of the mailbox rule, the order of jurisdiction does not favor either forum or weigh in favor of a stay.

If the mailbox rule does not apply in this context, and jurisdiction began when the respective complaints were file-stamped by the courts, this court first obtained jurisdiction. As noted earlier, the federal petition was docketed two days after it was signed and presumably mailed; the state complaint, signed on the same day, was not docketed until almost two months later. This would weigh only slightly against a stay, as the two courts obtained jurisdiction close in time to each other. Moreover, and more significantly, the state case has progressed more rapidly than this federal case and is already past the summary judgment stage. The relative procedural postures of the two lawsuits suggests that any difference in the order jurisdiction was obtained should not weigh significantly in favor of a stay, and in fact is outweighed by countervailing considerations. On balance, the undersigned concludes that this factor is neutral.

### 5. Law Providing Rule of Decision

Plaintiff's negligence and other tort claims are governed by state law, and his constitutional claim by federal law, but either court has the authority to hear and adjudicate all claims. See Haywood, 556 U.S. at 735 (recognizing concurrent state and federal jurisdiction over § 1983 claims); 28 U.S.C. § 1367(a) (granting supplemental federal jurisdiction over state law claims related to a federal law claim). When state and federal courts have concurrent jurisdiction over a claim, the rule of decision factor becomes less significant. See Nakash, 882 F.2d at 1416. It weighs neutrally here.

### 6. Protection of Parties' Rights

The California courts are fully capable of vindicating plaintiff's rights. Inclusion of his federal constitutional claim in his state action, either in the original complaint or by amendment, would have provided a full and fair opportunity to litigate these factually and legally intertwined matters. "State courts, like federal courts, have a constitutional obligation . . . to uphold federal law." Stone v. Powell, 428 U.S. 465, 533 n.35 (1976) (citing Robb v. Connolly, 111 U.S. 624, 637 (1884)). Moreover, even if plaintiff is unable to add his constitutional claim to the state court action at this point in the litigation, his right to recover will not be affected. A finding of liability on the state law claims will allow plaintiff to be compensated for all the injuries that he attributes to Dr. Pai's actions. Because the injuries and causation of damages issues presented by the state and federal claims are identical, limiting plaintiff to recovery in one lawsuit would not impair his rights. For these reasons, this factor does not weigh against a stay.

### 7. Avoidance of Forum Shopping

Forum shopping refers to the practice of choosing the most favorable jurisdiction or court in which a claim might be heard. R.R. Street, 656 F.3d at 981. Plaintiff elected to pursue his state law claims in state court and separately bring a related federal claim in federal court, despite concurrent jurisdiction over the latter. Because plaintiff has not responded to the motion for a stay, the court has no way of knowing why plaintiff proceeded as he did. It may be that he was forum shopping, or it may be that as a pro se litigant he was simply unaware that either court could entertain both his state and federal claims. Accordingly, this factor weighs neutrally.

        8.    <u>Potential Dispositive Effect of State Court Proceeding on Federal Claim</u>

A federal court may stay its proceedings in situations where a federal constitutional issue might be mooted or presented in a different posture by a state court determination of pertinent state law. <u>Colorado River</u>, 424 U.S. at 814; <u>Shamrock Development Co. v. City of Concord</u>, 626 F.2d 1380, 1385 (9th Cir. 1981). The existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes a stay or dismissal. <u>R.R. Street</u>, 656 F.3d at 982 (citation omitted).

Here this factor weighs strongly in favor of a stay. Because plaintiff's state law claims involve the same alleged acts and omissions of the same defendant at issue in the federal claim, and differ only as to the theory of liability, the outcome of the state court case will determine the outcome of this case. Concurrent jurisdiction over Section 1983 claims means that a federal constitutional claim that could have been, but was not, brought in a prior state court action is barred by claim preclusion. <u>See</u> <u>Migra v. Warren City School District Bd. of Educ.</u>, 465 U.S. 75, 81 (1984) (state court final judgments are entitled to claim preclusion in federal Section 1983 actions); <u>Holcombe v. Hosmer</u>, 477 F.3d 1094, 1097 (9th Cir. 2007) (same). This result will likely be unavoidable here.[3]

Accordingly, whether plaintiff wins or loses in state court, the doctrine of claim preclusion will prevent him from proceeding in this court. This is the risk plaintiff assumed when deciding to bring parallel state and federal lawsuits. However, the court notes once again that plaintiff will not be materially prejudiced by the likely foreclosure of his Eighth Amendment claim because the state court can remedy any injuries it finds were caused by the negligence or intentionally tortious

////

---

[3] Under the Full Faith and Credit Statute, 28 U.S.C. § 1738, a federal court must accord a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. <u>See</u> <u>Migra</u>, 465 U.S. at 81. Under California law, a final judgment acts as a complete bar to any other claims arising from the same "cause of action." <u>Taylor v. Hawkinson</u>, 47 Cal. 2d 893, 895 (1957) (quoting <u>Sutphin v. Speik</u>, 15 Cal. 2d 195, 201 (1940)). As noted previously regarding the interdependence of his claims, plaintiff's negligence, intentional tort, and Eighth Amendment claims constitute the same "cause of action" in this sense because they involve the same "primary right" to adequate medical care from Dr. Pai. <u>See</u> <u>Eichman</u>, 147 Cal. App. 3d at 1174.

conduct of Dr. Pai.  Proof that the same conduct was also deliberately indifferent would not result in any greater recovery.

  C. Balancing

  Although the pendency of an action in state court is no bar to federal court proceedings concerning the same matter, Colorado River, 424 U.S. at 817, here the balance of pertinent considerations weighs in favor of a stay.  The factual overlap of the state and federal claims is almost complete, and all claims could have been brought together in either court.  Their separation into two separate lawsuits constitutes piecemeal litigation that would duplicate effort and waste judicial resources.  Had the federal case been filed substantially earlier or progressed further than the state case, the undersigned might be inclined to recommend that the federal case proceed and leave for the future the question of what preclusive effects a decision in one court would have on proceedings in the other.  However, plaintiff's state case has passed the summary judgment stage and is ready for trial setting while the federal complaint has not yet been answered.

  The state forum will provide plaintiff an opportunity to present both his negligence claim and a claim based on willful disregard for his pain, which is a standard substantially similar to that governing the Eighth Amendment claim presented to this court.[4]  The state forum is capable of providing a remedy for the injuries plaintiff seeks to vindicate in both of these actions.  Accordingly, the undersigned concludes that the court's obligation to exercise its jurisdiction is outweighed by the factors counseling against that exercise.  See R.R. Street, 656 F.3d at 978.

 V. CONCLUSION

  For the reasons stated above, IT IS HEREBY ORDERED that defendant's request for judicial notice, ECF No. 22, is GRANTED.

  IT IS FURTHER RECOMMENDED that defendant's motion to stay, ECF No. 21, be GRANTED.

////

---

[4] See n.2, supra.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 6, 2021

*[signature]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE