UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GREGORY WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>USHA PAMEMANGALOR PAI,<br><br>　　　　　Defendant. | No. 2:19-cv-01591 DAD AC<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

This action proceeds against defendant Dr. Pai, the sole defendant, on the claim that she was deliberately indifferent to plaintiff's serious medical needs following his surgery in February 2019. ECF No. 7 (screening order). Currently pending before the court is defendant's motion to compel discovery responses from plaintiff. ECF No. 43. For the reasons stated below, defendant's motion will be granted in part and denied in part, and plaintiff will be ordered to serve a supplemental response to defendant's request for production of documents.

　　I.　　Procedural History

The court issued a Discovery and Scheduling Order in this case on November 15, 2022. ECF No. 38. By its terms, the discovery cut-off date was set at March 17, 2023 and all pretrial

motions were due by June 9, 2023.  ECF No. 38.  The court extended the discovery and motion to compel deadline to April 7, 2023.  ECF No. 42.  The dispositive motions deadline in this case was vacated by order dated June 6, 2023 pending further order of the court.  See ECF No. 46.

## II.     Motion to Compel

On April 7, 2023, defendant filed a motion to compel responses to defendant's interrogatories and requests for production of documents served on January 17, 2023.  ECF No. 43 at 8.[1]  Plaintiff's response to the interrogatories consisted of objections without any substantive responses.  See ECF No. 43-1 at 38-44.  Plaintiff made similar non-responsive objections to all but two of defendant's request for production of documents.  See ECF No. 43-1 at 47-52.  In response to document request numbers 13 and 14, plaintiff objected, but also indicated that he had no responsive documents.  ECF No. 43-1 at 51.  Plaintiff made a blanket objection to defendant's request for admissions by indicating that it was too burdensome for him "to divert [his] time, energy and resources towards answering discovery requests…."  ECF No. 43-1 at 55.

On March 8, 2023, defendant sent plaintiff a letter scheduling a meet and confer appointment by phone to discuss his objections and failure to provide responses to the discovery requests.  ECF No. 43-1 at 59.  The parties met and conferred on March 20, 2023 to discuss their discovery dispute.  Plaintiff indicated that he would stand on his objections and would not provide supplemental discovery responses.  As a result, defendant filed the pending motion to compel additional discovery responses from plaintiff.

As part of the motion to compel, defendant asks that plaintiff be ordered to pay part of the expenses associated with bringing the instant motion to compel, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).  ECF No. 43 at 17.  Specifically, defendant requests that plaintiff be ordered to pay $1,500 of the $2,420 of expenses incurred.  Id.; see also ECF No. 43-1 at 3 (Declaration of defense counsel).

////

---

[1] As part of the motion to compel, defendant requests a one-day extension of the deadline to serve written discovery, nunc pro tunc, because defense counsel miscalculated this deadline since it was a fixed deadline that was a legal holiday.  See ECF No. 43 at 8, n. 1.

Based on plaintiff's lack of response to the motion to compel, the court ordered plaintiff to "either serve responses to defendant's discovery requests or file a showing of cause why defendant's motion to compel should not be granted" no later than August 2, 2023.  ECF No. 50.  Plaintiff did not file a response to the show cause order, but defendant notified the court that plaintiff served a "First Amended Interrogatory Response" and an "Amended Response to Defendant's Request for Admissions" on July 29, 2023.  ECF No. 51.  Defendant did not receive any supplemental response to Dr. Pai's Requests for Production of Documents.  ECF No. 51.

"Upon initial review of Williams's supplemental interrogatory responses, several of Williams's responses appear to be insufficient."  ECF No. 51 at 2.  As a result, defendant requests additional time to file another motion to compel after reviewing plaintiff's amended interrogatory responses and any additional discovery responses ordered by the court.  ECF No. 51 at 2.

III.   Legal Standards

The Federal Rules of Civil Procedure permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  The court must limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).  In a motion to compel, the moving party bears the burden of showing why the other party's responses are inadequate or their objections unjustified.  See Williams v. Cate, 2011 WL 6217378 at *1 (E.D. Cal. Dec.14, 2011), (citing Ellis v. Cambra, 2008 WL 860523 at *4 (E.D. Cal. Mar.27, 2008).

IV.   Analysis

Based upon plaintiff's amended responses to defendant's interrogatories and request for admissions served on July 29, 2023, the motion to compel is partially moot.  Therefore, the court

denies defendant's motion to compel supplemental interrogatory responses and supplemental request for admissions as moot. However, the court has reviewed plaintiff's objections to defendant's request for production of documents and finds them to be unjustified. As a result, the court will grant defendant's motion to compel additional responses to the request for production of documents. Plaintiff is hereby ordered to respond to all of defendant's request for production of documents, except numbers 13 and 14, without objection within 30 days from the date of this order. Plaintiff is required to identify every document responsive to each of defendant's request for production of documents. If any such identified documents have already been sent to defendant as a result of the state court action in Williams v. Pai, Case No. FCM168941 (Solano County Superior Court), plaintiff is not required to send a duplicate copy of any such document in order to comply with this order. See Fed. R. Civ. P. 26(b)(2)(C)(i) (stating that the court may limit discovery if it is unreasonably cumulative or duplicative).

Defendant may file a motion for sanctions within sixty days from the date of this order if plaintiff fails to respond to the discovery requests as ordered. An additional motion to compel discovery responses from plaintiff is deemed unnecessary by the court based on defendant's ability to file a motion for sanctions. Plaintiff is cautioned that sanctions may include dismissal of the lawsuit for failure to comply with court orders.

When a motion to compel is granted, the party whose conduct necessitated the motion must, in most cases, be required to pay the movant's reasonable expenses incurred in making the motion—but this requirement may be excused when the circumstances "make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). In this case, the court concludes that a levy of costs on plaintiff, who is indigent, would place an excessive financial burden on him and is, in any event, unlikely to be paid. See ECF No. 2 at 3-5 (Plaintiff's Inmate Trust Account Statement). For these reasons, the court finds that an award of expenses in this case would be unjust. Accordingly, defendant's request will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's request to extend the deadline to serve discovery is granted, nunc pro tunc, to January 17, 2023 based on good cause shown.

2. Defendant's motion to compel (ECF No. 43) is granted in part and denied in part. The motion to compel supplemental responses to defendant's interrogatories and request for admissions is denied as moot.

3. Within 30 days from the date of this order, plaintiff shall provide supplemental responses to all of defendant's request for production of documents except numbers 13 and 14 to which plaintiff has already indicated that he does not possess any responsive documents.

4. Plaintiff is cautioned that the failure to comply with this order within the time permitted may result in the filing of a motion for sanctions by defendant, including the possibility of terminating sanctions. Any motion for sanctions shall be filed no later than 60 days from the date of this order.

5. Defendant's request to set an additional motion to compel deadline is denied as unnecessary.

6. The dispositive motions deadline is reset to **July 15, 2024**.

7. In the event this case proceeds to trial, a further scheduling order will issue setting deadlines for the motions in limine and other trial related motions.

DATED: February 14, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE