UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GREGORY WILLIAMS, | No. 2:19-cv-01591 DAD AC |
| Plaintiff, | |
| v. | ORDER |
| USHA PANEMANGALOR PAI, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

I.   Procedural History

This court issued a Discovery and Scheduling Order in this case on November 15, 2022. ECF No. 38. It specified a discovery cut off date of March 17, 2023. Id. That deadline was extended to April 7, 2023. ECF No. 42. On that date, defendants filed a motion to compel discovery responses from plaintiff. ECF No. 43. After receiving no response from plaintiff, the court ordered plaintiff to either: (1) show cause why the motion to compel should not be granted, or (2) serve more complete responses to defendant's discovery requests within 30 days from June 2, 2023. ECF No. 45. Plaintiff requested and received an extension until August 2, 2023 to comply with the court's order. ECF No. 50. By order dated February 15, 2024, the court granted

1

defendant's motion to compel, in part, and denied it in part.  ECF No. 54.  Plaintiff was ordered to provide supplemental responses to defendant's request for production of documents within 30 days.  ECF No. 54.

### II. Motion for Discovery Sanctions

On April 15, 2024, defendant Pai filed a motion for discovery sanctions against plaintiff based on his failure to submit his interrogatory responses under oath as required by Rule 33(b)(3) of the Federal Rules of Civil Procedure.  ECF No. 57.  Plaintiff has once again failed to respond to defendant's motion, and the time to do so has expired.

Therefore, the court order plaintiff to verify his interrogatory responses and serve the verification form on defendant within 14 days from the date of this order.  Additionally, the court will order plaintiff to show cause in writing why defendant's motion for sanctions should not be granted.  If plaintiff serves the interrogatory verification form on defendant, he shall so indicate in his response to this order to show cause.  If he fails to do so within the time permitted, plaintiff shall show cause in writing why defendant's motion for sanctions should not be granted, including why terminating sanctions are not appropriate.

No extensions of time will be granted as the dispositive motions deadline in this case is set for July 15, 2024.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall verify his interrogatory responses and serve the verification on defendant Pai within 14 days from the date of this order.

2. In addition, plaintiff shall show cause in writing within 21 days from the date of this order why defendant's motion for sanctions should not be granted, including the imposition of terminating sanctions for his failure to comply with his discovery obligations.  Plaintiff's response shall indicate whether he has properly verified his interrogatory responses in accordance with Rule 33(b)(3) of the Federal Rules of Civil Procedure.

3. No extensions of time shall be granted as the dispositive motions deadline is set for July 15, 2024.

    4. Defendant's motion for sanctions will be deemed submitted on the papers following the expiration of these deadlines.

    5. Plaintiff's failure to comply with the terms of this order shall be considered when ruling on defendant's motion for sanctions.

DATED: May 29, 2024

                                            */s/ Allison Claire*
                                            ALLISON CLAIRE
                                            UNITED STATES MAGISTRATE JUDGE