UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GREGORY WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>USHA PANEMANGALOR PAI,<br><br>Defendant. | No. 2:19-cv-01591 DAD AC<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court is defendant's motion for discovery sanctions based on plaintiff's failure to verify his interrogatory responses. ECF No. 57.

Plaintiff did not file any timely opposition to the motion, so the court ordered him to serve the interrogatory verification form on defendant within 14 days from May 30, 2024. ECF No. 58. In the same order, plaintiff was directed to show cause why defendant's motion for sanctions should not be granted, including why terminating sanctions are not appropriate. ECF No. 58. Although plaintiff responded to the court's order to show cause, the relevant verification form was not attached to the pleading although plaintiff indicated that it was. ECF No. 59 at 7. Therefore, the court issued another order on June 26, 2024 providing plaintiff seven days to produce the signed verification form for his interrogatory responses and informing him that

1

1  failure to comply would result in sanctions.  ECF No. 60.  As a result of these delays, the court
2  vacated the dispositive motions deadline that was previously set for July 15, 2024.  ECF No. 60.
3        Finally, on **July 9, 2024**, plaintiff submitted a request for judicial notice that included a
4  signed verification form for his interrogatory responses.[1]  ECF No. 61 at 4.  Notably, the
5  verification form has a signature date of March 30, 2024.  Plaintiff states that he gave this
6  verification form to the prison mailroom on April 8, 2024.  ECF No. 61 at 2.  However, plaintiff
7  provides no documentation of submission on April 8, 2024, such as a prison mail log, and the
8  filing at ECF No. 61 is not signed under penalty of perjury.
9        Defendant filed a response indicating that judicial notice of the date of the verification
10  form is improper because that date is subject to reasonable dispute based on the lack of evidence
11  submitted with plaintiff's request.  ECF No. 62 at 2 (citing Fed. R. Evid. 201(b)(2)).  However,
12  defendant does acknowledge that plaintiff finally provided a signed verification form of his
13  interrogatory responses as required by Rule 33(b)(3) of the Federal Rules of Civil Procedure.
14  ECF No. 62 at 3.
15        Rather than waste additional time and resources in determining when plaintiff's
16  interrogatory verification form was provided to prison officials for mailing and whether sanctions
17  are appropriate for any delay in responding to defendant's discovery requests, the court denies
18  defendant's motion for sanctions as moot in light of the fact that plaintiff has finally complied
19  with his discovery obligations.  The court will reset the dispositive motions deadline governing
20  this case and, in so doing, indicate to the parties that these deadlines are **firm**.  The court will
21  exercise strict control over the docket in this case and will not grant any further extensions of time
22  of the dispositive motions deadlines.  Plaintiff commenced this action in August 2019 and it is
23  ripe for adjudication absent further delays.
24  ////
25  ////
26

---

[1] Even with the benefit of the prison mailbox rule and two extra days because the deadline fell on a weekend, plaintiff did not comply with the court's June 26, 2024 order to show cause in a timely manner.  See Fed. R. Civ. P. 6(a)(1)(C).

Accordingly, IT IS HEREBY ORDERED that:

1. The court's May 30, 2024 order to show cause (ECF No. 58) is hereby discharged based on plaintiff's response.

2. Plaintiff's request for judicial notice (ECF No. 61) is denied.

3. Defendant's motion for discovery sanctions (ECF No. 57) is denied as moot.

4. The dispositive motions deadline in this case is reset to **February 3, 2025**.

5. Plaintiff's opposition to any motion for summary judgment shall be filed no later than **February 27, 2025. Plaintiff's failure to file an opposition by this deadline may be deemed a waiver of any opposition to the granting of the motion, and may result in the imposition of sanctions.**

6. Any party moving for summary judgment may, not more than fourteen (14) days after an opposition has been filed, serve and file a reply to the opposition.

7. Any motion for summary judgment will be deemed submitted on the papers when the time to reply has expired.

8. **No extensions of time of the briefing schedule set in this order shall be granted absent extraordinary cause.**

9. All other provisions of the court's November 15, 2022 Discovery and Scheduling Order remain in full effect.

DATED: September 20, 2024

_[signature]_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3